364 A.2d 687
**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**David Eugene SLAYBAUGH.**

Supreme Court of Pennsylvania,

Argued May 3, 1976.

Decided Oct. 8, 1976.

Oscar F. Spicer, Dist. Atty., John R. White, Gettysburg, for appellant.

Robert E. Campbell, Gettysburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal by the Commonwealth arises from the granting of a motion in arrest of judgment and discharge of the appellee, David Eugene Slaybaugh, on a charge of "failing to stop at the scene of an accident." Act of April 29, 1959, P.L. 58, § 1027, 75 P.S. § 1027.[1]

The facts surrounding this appeal are as follows. On January 20, 1974, an automobile operated by Harry Lambert was involved in a minor traffic accident. The car which collided with the Lambert vehicle did not stop. Lambert followed the vehicle and found the car abandoned nearby; he wrote the license number on a piece of paper and reported the accident and license number to the state police.

Police research revealed that appellee was the owner of the abandoned vehicle and subsequently, the state police filed a criminal complaint charging appellee with failing to stop at the scene of an accident. The Common-

---

1. The Commonwealth can appeal from a post-guilty verdict legal determination if such appeal does not subject appellant to a second trial or additional punishments. *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

wealth's evidence consisted of Lambert's description of the accident and license number but no identification of appellee as the driver. Section 1212 of The Vehicle Code, Act of April 29, 1959, P.L. 58, § 1212, as amended, 75 P.S. § 1212, provides that the owner of a motor vehicle is "presumed" to be the operator at the time of any violation of the Motor Vehicle Code if the Commonwealth introduces into evidence the registration card for the vehicle; provided that such a result is not required if the owner takes the stand and denies operation of the vehicle at the time of the accident and names, if known to him, the driver.

Appellee took the stand and testified that he was not driving at the time of the accident, but that he did not know who was driving and further that numerous persons had access to his automobile. The fact-finder in the instant case chose not to believe appellee's exculpatory testimony, *Commonwealth v. Robson*, 461 Pa. 615, 337 A.2d 573 (1975), and relied on § 1212 of the Motor Vehicle Code to find appellee guilty of violation of § 1027 of the Motor Vehicle Code (failing to stop at the scene of an accident).

Post-trial motions were filed and on December 4, 1974, the Court of Common Pleas of Adams County granted appellee's motion in arrest of judgment and discharged him. The Commonwealth appealed to the Superior Court, which certified the record to this court for disposition. The basis for granting the motion in arrest of judgment by the court below was its determination that § 1212 of The Vehicle Code was unconstitutional because it created a presumption that the owner of a motor vehicle was the operator of that vehicle at the time of a violation of The Vehicle Code, if the prosecution established mere ownership of the motor vehicle. Moreover, the court below found that § 1212 shifted the burden of proof to a criminal defendant to rebut the presumption of his operating the vehicle because of mere ownership.

Section 1212 of The Vehicle Code constituted the only "evidence of operation" against the appellee.

The Commonwealth argues that § 1212 of The Vehicle Code is constitutional. We cannot agree.

Section 1212 of The Vehicle Code reads:

"In any proceeding for a violation of the provisions of this act or any local ordinance, rule or regulation, the registration plate displayed on such vehicle or tractor shall be prima facie evidence that the owner of such vehicle or tractor was then operating the same. If at any hearing or proceeding, the owner shall testify, under oath or affirmation, that he was not operating the said vehicle or tractor at the time of the alleged violation of this act or any local ordinance, rule or regulation, and shall submit himself to an examination as to who at that time was operating such vehicle or tractor, and reveal the name of the person, if known to him, or, if the information is made in a county other than that of his own residence, shall forward to the magistrate an affidavit setting forth these facts, then the prima facie evidence arising from the registration plate shall be overcome and removed and the burden of proof shifted." [2]

2. The above section has been reenacted in the New Motor Vehicle Code, Act of June 17, 1976, Act No. 81, ——— P.L. eff. July 1, 1977, § 6342.
Section 6342 provides:
"§ 6342: *Registration number as prima facie evidence of operation.*
"a) *General rule*—In any proceeding for a violation of the provisions of this title or any local ordinance, rule or regulation, the registration plate displayed on a vehicle shall be prima facie evidence that the owner of the vehicle was then operating the vehicle.
"c) *Burden shifted by affidavit of owner*—If at any hearing or proceeding the owner testifies under oath or affirmation that the owner was not operating the vehicle at the time of the alleged violation and submits to an examination as to who at the time was operating the vehicle and reveals the name of the person if known, then the prima facie evidence arising from the registra-

The starting point of our analysis is whether the above section creates a statutory inference or an impermissible criminal statutory presumption. In *Commonwealth v. DiFrancesco*, 458 Pa. 188, at 193, n. 3, 329 A.2d 204, 207 n. 3 (1974), this court explained the characteristics of both inferences and presumptions:

" . . . an inference is merely a logical tool which permits the trier of fact to proceed from one fact to another. A presumption, on the other hand, is a procedural device which not only permits an inference of the 'presumed' fact, but also shifts to the opposing party the burden of producing evidence to disprove the presumed fact. Failure to meet this burden of production will normally result in binding instructions on the issue of the presumed fact's existence in favor of the party invoking the presumption. But the notion of a directed verdict against a criminal defendant is. contrary to accepted tenets of criminal justice. Placing the burden of production on a defendant under the threat of such a sanction would run afoul of the presumption of innocence, see *Commonwealth v. Bonomo*, 396 Pa. 222, 229–30, 151 A.2d 441, 445–46 (1959), as well as the defendant's privilege of declining to testify. Thus, where the presumed fact comprises an element of the crime charged, the inference authorized by a presumption can never be compelled by the court. See generally *Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d 298 (1974)." At page 193, 329 A.2d at page 207.

The application of the above definitions to § 1212 of the Motor Vehicle Code compels a finding that § 1212 is an

tion plate shall be overcome and removed and the burden of proof shifted.

"c) *Burden shifted by affidavit of owner*—If the information is made in a county other than that of the owner's own residence and an affidavit setting forth these facts is forwarded to the issuing authority, the prima facie evidence arising from the registration plate shall be overcome and the burden of proof shifted."

unconstitutional presumption in criminal cases. Section 1212 mandates a finding that the owner of a motor vehicle was driving that vehicle at the time of a Vehicle Code violation, unless the owner-defendant takes the stand and submits to examination. If the owner testifies that he was not driving at the time and either names or states that he does not know the name of the person who was driving the "burden" returns to the Commonwealth and the prima facie evidence is "overcome and removed."

Section 1212 "not only permits an inference of the 'presumed' fact but also shifts to the opposing party the burden of producing evidence to disprove the presumed fact." *Commonwealth v. DiFrancesco,* supra, at page 193, 329 A.2d at page 207.

Such statutory language creates a directed verdict statute and as such is in total disregard of the constitutional protections:

(1) That all men are innocent until "proven" guilty. See *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959).

(2) The Fifth Amendment protection not to be compelled to testify when one is a criminal defendant. See Fifth Amendment to U.S. Constitution. See also art. I, § 9 of the Pennsylvania Constitution, and the Act of May 23, 1887, P.L. 158, § 10, 19 P.S. § 631.

(3) The requirement that the Commonwealth prove every element of the crime beyond a reasonable doubt. See *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974).

Assuming *arguendo* that this statute could be construed to create only a statutory inference, we are of the opinion that this label does not save the statute from constitutional infirmity.

In *Commonwealth v. DiFrancesco,* supra, this court, in accepting a statutory inference in a criminal

case involving driving while under the influence of intoxicating liquor, held that when an inference is used in a criminal case such inference must meet the "beyond a reasonable doubt" standard of proof. The reasonable doubt standard requires that when the inferred fact is an essential element of the crime charged, that fact must logically flow from the given fact beyond a reasonable doubt.

In applying the reasonable doubt standard of proof to § 1212, we are of the opinion that the inferred fact of operation of a motor vehicle at a specific time does not flow logically beyond a reasonable doubt from the mere established fact of ownership.

Order of the Court of Common Pleas of Adams County is affirmed.

EAGEN, J., concurs in the result.