## Commonwealth v. Zaimes

*Joseph Devanney, District Attorney,* for Commonwealth.
*Nelson A. Galoway,* for defendant.

LIPSITT, *J.*, May 25, 1978 — Defendant, Dimitri Zaimes, appealed to this court for relief from five summary convictions for parking violations. Defendant had been found guilty on the charges following a hearing on September 8, 1977, before a district justice. Defendant contends this court erred when it found defendant guilty after a trial de novo on April 6, 1978, and he now presents three grounds for his motion in arrest of judgment: (1)

lack of speedy trial, (2) the improper use of the vehicle's registration number as prima facie evidence of operation by the owner, and (3) failure to immediately sentence defendant following the trial de novo.

First, defendant avers the Commonwealth failed to afford him a speedy trial since 212 days elapsed from the date of appeal of the summary convictions to the date set for the trial de novo. A review of the record discloses 196 days elapsed between defense counsel's filing of his notice of appeal and the trial.

As defense counsel admitted when raising this point, Pennsylvania Rule of Criminal Procedure 1100 does not require speedy hearings on appeals from summary convictions. Nevertheless, defendant contends the court should apply by analogy the constitutional requirements of a speedy trial to the present trial. The factors to be balanced in determining whether an accused has been denied his right to a speedy trial include (1) length of delay, (2) reason for the delay, (3) defendant's assertion of his right, and (4) prejudice to defendant: Com. v. Lee, 460 Pa. 374, 379, 333 A. 2d 773 (1975). Applying this standard, the delay of 196 days from the filing of defendant's appeal until the trial de novo was not an impermissible length of delay. There is nothing in the record to show the reason for delay, but defense counsel did admit at trial defendant did nothing during the interim period to assert his rights. Finally, defendant was not prejudiced by the delay. Although he was afforded an opportunity to present evidence at the trial de novo, the parties stipulated to the facts and the trial was limited to legal argument. There is no indication the delay in any way interfered with defendant's presentation of his defense.

Second, defendant avers the Commonwealth invoked an unconstitutional presumption in order to convict defendant, who was registered as co-owner of the car involved in four of the violations and sole owner at the time of the fifth violation. The Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §6342, provides that: "In any proceeding for a violation of the provisions of this title or any local ordinance, rule or regulation, the registration plate displayed on a vehicle shall be prima facie evidence that the owner of the vehicle was then operating the vehicle." 75 Pa.C.S.A. §6342(a).

Although the burden may be shifted by testimony of the owner that he was not the driver, 75 Pa.C.S.A. §6342(b), defendant did not testify at his trial. Rather defendant relies on the recent Supreme Court decision, Com. v. Slaybaugh, 468 Pa. 618, 624-625, 364 A. 2d 687 (1976), for the proposition that the statutory presumption when applied to parking violations is unconstitutional.

The court in Slaybaugh refused to permit the use by the Commonwealth of a vehicle's registration number as prima facie evidence of operation by the owner in order to obtain a conviction for failing to stop at the scene of an accident. Despite its extremely broad language, the Supreme Court was concerned with the presumption in cases of moving violations.

A parking violation is unlike a moving violation where the driver is present for identification by witnesses to the offense, including police officers. A multitude of parking violations occur in even a small town every day. To allow a person to escape with impunity from any parking violation, absent an eyewitness identification of him as the driver,

would make parking enforcement impossible. It is obviously impractical to require a police officer to remain at the site of the violation minutes, hours, even days awaiting the driver's return.

The Slaybaugh holding must be limited to moving violations; the use of the registration number as prima facie evidence of operation in cases of parking violations is valid.

Third, defendant contends this court violated Rule 63(e) of the Rules of Criminal Procedure by failing to immediately sentence defendant after finding him guilty at the trial de novo.

While 63(e) does require the announcement of the verdict and sentence immediately upon the conclusion of the trial, this requirement is specified for the original hearing or trial before the district justice on a summary offense. Rule 67, not 63, deals with the procedure upon appeal and the trial de novo following a summary conviction and does not contain a requirement for immediate sentencing.

Further, it may be noted, at the trial de novo, as this court pronounced the guilty verdict, defense counsel immediately notified the court of a motion in arrest of judgment and requested the court "to let this matter stand." Instead of desiring an immediate sentence, defense requested the court not continue and should not now object to the court's compliance with such behest.

## ORDER

Accordingly, May 25, 1978, defendant's motion in arrest of judgment is denied, and the district attorney is directed to call defendant, Dimitri Zaimes, for sentencing.