403 A.2d 82

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Samuel J. SCARAMUZZINO, Appellee.**

Supreme Court of Pennsylvania.

Argued April 20, 1979.

Decided July 5, 1979.

514

George E. Christianson, Dist. Atty., Frederick S. Wolfson, Asst. Dist. Atty., Harry W. Reed, Jr., Lebanon, for appellant.

Joseph Michael Farrell, Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

■ Samuel J. Scaramuzzino was convicted by a jury in the Court of Common Pleas of Lebanon County of murder of the second degree.[1] · Post-verdict motions were filed, and a new trial was granted. The Commonwealth appeals from the order granting a new trial.[2]

The court granted the new trial as a result of its determination that the trial judge erred in charging the jury. The specific portions of the charge on which that determination was made are:

"The defendant has requested me, too, to charge you on voluntary manslaughter.

\*     \*     \*     \*     \*     \*

1. Previously Scaramuzzino was convicted of murder of the first degree; but, on appeal from the judgment of sentence, we reversed and granted a new trial. *Commonwealth v. Scaramuzzino*, 455 Pa. 378, 317 A.2d 225 (1974).

2. Scaramuzzino has filed two motions to quash the appeal or to obtain various alternative forms of relief, such as review of assignments of error not yet disposed of by the post-verdict motion court, a remand for disposition of the remaining assignments of error, and an order mandating compliance by the Commonwealth with Pa.R.A.P. 1311 and 1312.

The motions to quash and to compel compliance with Pa.R.A.P. 1311 and 1312 are frivolous. Chapter 13 of the Pennsylvania Rules of Appellate Procedure governs the procedure to seek permission to appeal from an interlocutory order. A need for permission to appeal an interlocutory order is non-existent where, as here, the Commonwealth appeals as of right from an interlocutory order involving a pure question of law. See, e. g., *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963); *Commonwealth v. Slaybaugh*, 468 Pa. 618, 364 A.2d 687 (1976). Hence, we deny the motions to quash or compel compliance with Pa.R.A.P. 1311 and 1312.

The remaining alternative motions need not be considered in light of our order affirming the order granting a new trial.

"Now, as I told you, I've been requested to charge you on voluntary manslaughter. Voluntary manslaughter occurs when there is an intentional killing in the sudden heat of passion brought about by an adequate legal provocation and before sufficient time has elapsed for the blood to cool and reason to reassume the control of the action of the person committing the offense, the act. An unreasonable fear of danger or serious bodily harm could constitute voluntary manslaughter, even if there was no direct and specific intent to kill. But by 'passion' we mean emotions such as anger, rage, sudden resentment, terror, or unreasonable fear.

"I have heard no evidence in this case of an intentional killing on the part of the defendant, that would reduce this offense, if there was an offense committed by the defendant, to voluntary manslaughter. But since it is one of the degrees permissible on a charge of murder for which a jury could find a verdict of guilty, the matter is in your hands to decide. And you must decide whether there was evidence on which you could find a verdict of voluntary manslaughter. It's not for me to tell you. I'm only pointing out that I have no recollection of any testimony which would warrant such a finding. But you have the right to bring in such a verdict if you so find and if you so desire.

\*    \*    \*    \*    \*    \*

"Now, you take the law from me as I give it to you, and then you apply it to the facts as you find them.

\*    \*    \*    \*    \*    \*

"When we talk about passion, this includes such emotions as anger, rage, sudden resentment, terror, or unreasonable fear. I told you that I heard no defense which supports the finding of voluntary manslaughter. But I also told you that this is a permissible verdict no matter what I say, and I suggest to you it's still one of the permissible verdicts. If it wouldn't have been a permissible verdict, I wouldn't have submitted it to you. The fact

that it was submitted to you means that it is a permissible verdict.

\* \* \* \* \* \*

"Again, murder of the first degree is a willful, deliberate, and premeditated killing. Second degree: there is no intention to kill. And in voluntary manslaughter there is an intent to kill, but there is an adequate legal provocation. This is the feature of this definition that gives me pause in this case. I've heard of no legal provocation."

Essentially, the court reasoned the charge as given constituted an impermissible invasion of the jury's function by the trial judge in that it constituted a directive to the jury to "steer away from a voluntary manslaughter verdict." While the reasoning of the court in light of the charge given is not precisely accurate, this undoubtedly resulted from reliance on the reasoning of the plurality opinion in *Commonwealth v. McNeill*, 462 Pa. 438, 341 A.2d 463 (1975), and from uncertainty in the law which existed when the court filed its opinion. The law has since been clarified by a majority of this Court and, accordingly, we shall restate it.

In *Commonwealth v. Bennett*, 471 Pa. 419, 370 A.2d 373 (1977), we outlined various principles. First, a trial court must give a voluntary manslaughter charge upon request where an accused is charged with murder. *Commonwealth v. Jones*, 457 Pa. 563, 319 A.2d 142 (1974) (opinion in support of affirmance). Second, the court's charge may include a statement of opinion that insufficient evidence exists to support a voluntary manslaughter charge if, in fact, the evidence is insufficient,[3] and if two principal conditions are met, namely:

---

3. As to impermissible comment on guilt, see *Commonwealth v. McClendon*, 478 Pa. 108, 385 A.2d 1337 (1978); *Commonwealth v. Archambault*, 448 Pa. 90, 290 A.2d 72 (1972). My personal views have often differed from those of the majority of this Court in this and related areas. See, e. g., *Commonwealth v. Archambault*, supra, 448 Pa. at 101, 290 A.2d at 78. (Eagen, J. [now C. J.] dissenting opinion; *Commonwealth v. McNeill*, supra; *Commonwealth v. Goins*, 457 Pa. 594, 321 A.2d 913 (1974). But I joined in *Common-*

"(1) the trial court must fully inform the jury of its 'power' to return a verdict of voluntary manslaughter, whether supported by the evidence or not; and (2) the court must also instruct the jury that it is not bound by the court's comments concerning the evidence because it is the jury which is the sole finder of the facts."

*Commonwealth v. Bennett,* supra, 471 Pa. at 427, 370 A.2d at 377.[4] *Commonwealth v. Whitfield,* 474 Pa. 27, 376 A.2d 617 (1977) (plurality opinion); *Commonwealth v. McClendon,* supra; *Commonwealth v. Yount,* 455 Pa. 303, 314 A.2d 242 (1974). Cf. *Commonwealth v. Goins,* supra.

■ Fairly read, the charge instantly did inform the jury it was the sole finder of fact, but did not inform the jury that voluntary manslaughter could be returned whether or *not* the evidence would support that verdict.[5]

Order affirmed.

ROBERTS, J., filed a concurring opinion in which MANDERINO, J., joins.

LARSEN, J., filed a dissenting opinion.

wealth v. Bennett, supra, which is the basis of this decision and constitutes controlling precedent.

4. *Commonwealth v. Gaddy,* 468 Pa. 303, 362 A.2d 217 (1976) (plurality opinion), relied on by the Commonwealth, predates *Commonwealth v. Bennett,* supra, which interpreted both *Commonwealth v. Gaddy,* supra, and *Commonwealth v. Rivera,* 470 Pa. 131, 367 A.2d 719 (1976) (plurality opinion), and which expressly explicated the above requirements.

5. The third paragraph of the quoted portion of the court's charge borders on meeting the requirement, but the "right" to return with such a verdict is qualified by the cumulative requirements of "if you so find and if you so desire." The former in context relates to a finding of evidence to support the verdict and hence qualifies the "right" by requiring evidence. The fifth paragraph advised the jury the verdict was permissible no matter what the court said about the evidence, but did not advise the verdict was permissible no matter what facts the jury might find.

   In *Commonwealth v. Bennett,* supra, we held the charge met the requirements expressed, but there the charge, fairly read, indicated that, the circumstances notwithstanding, the jury could return the verdict.

LARSEN, Justice, dissenting.

I dissent; the trial judge's charge was more than adequate. I would, therefore, reverse.

ROBERTS, Justice, concurring.

I agree that appellant's entitlement to a new trial is clearly established by this record and the trial court's grant of a new trial must be affirmed. See *Commonwealth v. Bennett*, 471 Pa. 419, 428, 370 A.2d 373, 378 (1977) (Roberts, J., joined by Manderino, J., dissenting).

MANDERINO, J., joins in this concurring opinion.