## Commonwealth v. Packer

*Martin A. Flayhart, District Attorney*, for Commonwealth.
*Frederick D. Lingle*, for defendant.

BROWN, *P.J.*, January 21, 1980—Defendant and his wife are the owners of a 1964 CJ5 Jeep. On and before April 9, 1979, this vehicle was parked outside of their residence in Woodward Township. At that time the Jeep had no current license and no current inspection sticker. Consequently on that date, Officer Harold L. Donahay of the Woodward Township Police Department issued a notice to defendant's wife advising her that the aforesaid vehicle was considered to be inoperative and was not to remain at the location for more than 15 days. The vehicle remained parked outside through May 15, 1979, at which time Kenneth Shoemaker, Police Chief of Woodward Township, filed a summary offense against defendant charging him with abandonment of the aforesaid vehicle in violation of Ordinance No. 563 of Woodward Township.

Defendant presented uncontradicted testimony that on April 9, 1979, he had been working on the Jeep during the prior two years. Also, that at or about that time by way of repairs he had applied some fiberglass to the body, and that subsequent to April 9, 1979, that he had provided the vehicle with new wheels and had done a minimum amount of engine work.

For purposes of this proceeding the pertinent parts of Ordinance No. 563 are as follows:

"Section 2. The possession of an abandoned automobile or parts thereof other than in a fully enclosed building shall be prohibited except in a junk yard or salvage yard, or in an impounding garage or lot authorized by the Board of Supervisors for storage of illegally situated vehicles.

"Section 3. 'Abandoned automobile,' shall without limitation, be conclusively presumed to include any motor vehicle as to which any one or more of the following conditions exist.

". . .

"(4) a vehicle bearing no official inspection sticker, or a sticker not currently valid, or not bearing a current license tag.

". . .

"Section 8. Following the effective date of the ordinance, it shall be the duty of any owner of an abandoned automobile, or the owner, lessee or occupant of the real property upon which there is an abandoned automobile, to remove or cause to be removed said abandoned automobile within a reasonable time, but not more than fifteen (15) days after receipt of notice from the chief of police or his agent so to do.

". . .

"Section 10. Any person in violation of §8, supra, shall upon summary conviction before a justice of the peace, be sentenced to pay a fine of not less than $10.00, nor more than $100.00 for each offense, and costs."

In defense of the charge, defendant has raised two questions. Initially he questions whether he was given proper notice under section 8 in view of the fact that the notice in question was given to his wife and he has been named as the defendant in

these proceedings. In addition, he has defended the matter on the merits by challenging the constitutionality of the ordinance as it applies to him. In particular, he has challenged the conclusive presumption in section 3 which provides that a vehicle is deemed to be abandoned if it does not contain an official inspection sticker or a current license tag, in view of the fact that he was repairing the vehicle at the time of the alleged offense.

In Com. v. Slaybaugh, 468 Pa. 618, 364 A. 2d 687 (1976), the Supreme Court dealt with the issue of an inference of a presumed fact in declaring unconstitutional section 1212 of The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §1212 (and consequently section 6342 of the Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §6342). This statute made the registration plate prima facie evidence that the owner was driving the vehicle at the time of the violation, a presumption based merely on ownership, unless he took the stand and denied operation. This permitted an inference of a presumed fact while shifting the burden to disprove that fact upon defendant. In citing Com. v. DiFrancesco, 458 Pa. 188, 193, fn. 3, 329 A. 2d 204 (1974), the court defined presumption as:

". . . a procedural device which not only permits an inference of the 'presumed' fact, but also shifts to the opposing party the burden of producing evidence to disprove the presumed fact. Failure to meet this burden of production will normally result in binding instructions on the issue of the presumed fact's existence in favor of the party invoking the presumption. But the notion of a directed verdict against a criminal defendant is contrary to accepted tenets of criminal justice. Placing the bur-

den of production on a defendant under the threat of such a sanction would run afoul of the presumption of innocence . . . as well as the defendant's privilege of declining to testify. Thus, where the presumed fact comprises an element of the crime charged, the inference authorized by a presumption can never be compelled by the court . . ." (Citations omitted.)

Because the owner was presumed to be driving at the time of the violation, and the burden necessarily shifted to defendant owner to disprove the presumed fact, the statute was declared unconstitutional.

The above principles can be applied in the present case in declaring as unconstitutional that part of Woodward Township Ordinance No. 563, section 3, which states that an abandoned automobile shall be conclusively presumed to include any motor vehicle which bears no official inspection sticker, or a sticker not currently valid, or not bearing a current license tag. In effect, this presumption shifts the burden to the defendant to prove that the vehicle was not abandoned and is in disregard of the constitutional protections that all men are innocent until proven guilty, the Fifth Amendment protection that no man be compelled to testify against himself, and the requirement that the Commonwealth prove every element beyond a reasonable doubt: Com. v. Slaybaugh, supra. See also Com. v. Leaman, 255 Pa. Superior Ct. 481, 388 A. 2d 330 (1978).

In addition, the presumption is logically defective since the known fact (i.e., lack of a current license and certificate of inspection) does not necessarily support a conclusive finding that the vehicle is abandoned. It may well be that the vehicle is being repaired or restored as in the present case. The

ordinance does not set any reasonable time limits within which to effect such repairs. Thus, the court is compelled to find that a vehicle under repair is not an abandoned vehicle under Ordinance No. 563, and the conviction cannot be sustained.

In view of the disposition on the merits, the issue of improper notice will not be decided. However, the practice of notifying one person of a violation and then charging another with the violation is questionable in the absence of some authority sanctioning such procedure.

## ORDER

And now, January 21, 1980, based upon the foregoing memorandum, it is hereby ordered that defendant's appeal be sustained and that he be found not guilty of violating Woodward Township Ordinance No. 563.