REQUESTED BY: Dear Senator Reutzel:
We are responding to your letter requesting an opinion whether the amendatory language to section 37-1111, R.R.S. 1943, contained in LB 723, is sufficient to authorize an officer to cite an unattended motor vehicle unlawfully in a permit area, thereby allowing the vehicle's owner to be charged with the offense.
The language to which you refer is a sentence which reads in pertinent part as follows:
 "If the identity of the operator in a motor vehicle in violation of this section cannot be determined, the owner or person in whose name such vehicle is registered shall be held prima facie responsible for such violation and shall be guilty of a Class V misdemeanor."
We note that there are no special procedures providing for ticketing the vehicle, but that if the provisions of sections 29-424 and 29-425, R.S.Supp., 1978, are followed, this sentence would be effective to charge the owner of the motor vehicle with the commission of an offense.
There is some question whether the owner's right to due process of law, equal protection, and right not to bear witness against himself, guaranteed by the Fifth andFourteenth Amendments to the United States Constitution are violated by this sentence, making him guilty of a misdemeanor without evidence to prove that the owner committed the criminal act.People v. Hildebrandt, 308 N.Y. 397, 126 N.E.2d 377, 49 A.L.R.2d 449, and cases cited therein (1955); Commonwealthv. Slaybaugh, 364 A.2d 687 (1976). We note, however, that the possible punishment includes no incarceration, minimum fine, and involves an offense of no greater import than a parking violation. Further, pursuant to Nebraska Rules of Evidence, section 27-303, R.R.S. 1943, this statute would merely raise a permissive presumption which the finder of fact could accept or reject at its discretion.
It appears that in light of the long line of cases approving of this sort of statute in enforcing parking regulations (People v. Hamilton, 454 P.2d 680 (Oklahoma, 1969) and cases cited therein; Iowa City v. Nolan,239 N.W.2d 102 (Iowa, 1976); and 49 A.L.R.2d 456, and cases cited therein), that there is legal precedent to support a legislative conclusion that there is a rational basis to a statutory presumption that the owner of motor vehicle is responsible for its entry into a state park without a park permit. We hesitate to be more definite about this conclusion in light of the deep division in the United States Supreme Court concerning the propriety of presumptions in criminal cases. County Court of Ulster County, New York v.Allen, ___ U.S. ___ 60 L.Ed.2d 777, 99 S.Ct. ___ (1979).
In conclusion, although there is some question as to the constitutionality of such an enactment as a criminal provision, we cannot say certainly that such a measure would be disapproved by the courts. In light of the minimal penalty, minimal import of the statute, and long history of court decisions approving statutes such as this regarding parking violations, as well as the permissive nature of the presumption under Nebraska law, we conclude that a court could very likely approve this statute.