421 A.2d 1054

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Ronald Frank MILTON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 24, 1980.

Decided Oct. 31, 1980.

John A. Halley, Pittsburgh (Court–appointed), for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Kathryn L. Simpson, Asst. Dist. Atty., Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant, Ronald Frank Milton, was convicted of robbery and murder of the first degree in the Allegheny County Court of Common Pleas. After denial of post–verdict motions, a direct appeal was taken to this Court whereupon the judgments of sentence were affirmed. 483 Pa. 9, 394 A.2d 512. Subsequently, a claim for post–conviction relief, based on an assertion of ineffectiveness of counsel, was denied and the present appeal ensued.

The ineffectiveness of counsel claim is grounded upon a failure to preserve in post–trial motions an objection made at trial to the jury charge. The asserted defects in the charge are an incomplete definition of voluntary manslaughter and an improper expression of opinion by the judge with respect to the inappropriateness of a voluntary manslaughter verdict. The challenged portion of the charge is the following:

> Let me, therefore, turn to the third offense that has been brought against this individual, and that is Voluntary Manslaughter. I just stated to you that Voluntary Manslaughter is a lesser grade than murder. And Voluntary Manslaughter may be defined for you as the intentional and unlawful killing of a human being without malice–without malice–either expressed or implied, but under the immediate influence of sudden passion resulting from serious provocation. Now, the absence of malice is the controlling element which reduces the unlawful killing to manslaughter.
>
> Voluntary Manslaughter also exists where at the time of the killing the defendant believed the circumstances to

be such that, if they existed, would have justified the killing, but his belief was unreasonable. I don't believe that this factor is involved in the present case.

As Voluntary Manslaughter is frequently a wilful [sic] act, to reduce a felonious killing to manslaughter it is necessary that the circumstances indicate the absence of malice, either direct or implied. Therefore, Voluntary Manslaughter exists where there was an intentional act which caused death, but it was administered with a *sufficient provocation* and while the defendant was either *in a state of rage or passion, without time to cool, so that he was placed beyond the control of his reason and suddenly impelled to do the deed.* Now, if any of these three factors be lacking, if there is provocation but no passion, or if there is passion without sufficient cause or provocation, or if there has been time to cool off and reason has resumed, then, of course, the killing is not Voluntary Manslaughter by Murder.

*Now I don't want to go into what is "sufficient provocation" and what is not "sufficient provocation"* because, while I am submitting this count of the indictment to you for your consideration, *it is the conclusion of this Court that Voluntary Manslaughter is really not present here,* because there was no provocation offered insofar as this victim was concerned. *However, it's only my opinion and, of course, basically it's your responsibility to make that determination.* Therefore, I have covered with you the essential elements of Voluntary Manslaughter. *You have a right, if you find, notwithstanding what I may have said about this case,* if you find that there was provocation that made this an intentional killing on the part of this accused, *then you may find him guilty of Voluntary Manslaughter.* But keep in mind that it *must be such provocation as would induce a reasonable man to lose control of his reasoning faculties and to enter into an uncontrollable frenzy which leads him to the use of deadly force.* (emphasis added.)

Appellant's brief relies on an excerpt from the charge, wherein the judge stated, "I don't want to go into what is 'sufficient provocation,'" to infer that a full explanation was not given for the elements of voluntary manslaughter. Examination of the charge in its entirety, however, reveals that the elements of such crime were fully explained. Objection to expression of opinion as to the inappropriateness of a voluntary manslaughter conviction was likewise without merit [1] since 1) the jury was fully informed of its power to return a verdict of voluntary manslaughter, and 2) the jury was instructed that it was not bound by the court's opinion of the evidence. *Commonwealth v. Rivera*, 470 Pa. 131, 367 A.2d 719 (1976); *Commonwealth v. Gaddy*, 468 Pa. 303, 362 A.2d 217 (1976); *Commonwealth v. Bennett*, 471 Pa. 419, 370 A.2d 373 (1977). Counsel's failure to pursue the patently meritless objection to the jury charge cannot constitute ineffectiveness. See *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Hence, relief under the Post Conviction Hearing Act was properly denied.

Judgment of sentence affirmed.

ROBERTS, J., files a dissenting opinion in which O'BRIEN C. J., joins.

ROBERTS, Justice, dissenting.

I dissent. Trial counsel's exception to the jury charge was meritorious. Thus, counsel's failure to preserve this objection by post–verdict motion did not have a reasonable basis designed to effectuate appellant's interest and constitutes ineffective assistance of counsel. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Appellant's conviction should be reversed and a new trial granted.

This Court has held that a jury charge may include a judge's statement of opinion that there is insufficient evidence to support a voluntary manslaughter charge only if

1. Appellant does not argue that there was, in fact, evidence which would have supported a verdict of voluntary manslaughter.

the evidence is, in fact, insufficient and two conditions are met:

" '(1) the trial court must fully inform the jury of its "power" to return a verdict of voluntary manslaughter, whether supported by evidence or not; and (2) the court must also instruct the jury that it is not bound by the court's comments concerning the evidence because it is the jury which is the sole finder of the facts.' "

*Commonwealth v. Scaramuzzino*, 485 Pa. 513, 518, 403 A.2d 82, 84 (1979) quoting *Commonwealth v. Bennett*, 471 Pa. 419, 427, 370 A.2d 373, 377 (1977).

The first of these conditions was clearly not fulfilled. Indeed, the Commonwealth concedes in its brief, "the charge in the instant case . . . mirrors the instruction found to be in error in *Commonwealth v. Scaramuzzino*, 485 Pa. 513, 403 A.2d 82 (1979)." In *Commonwealth v. Scaramuzzino* we held that the jury charge "did not inform the jury that voluntary manslaughter could be returned whether or *not* the evidence would support that verdict." (Emphasis in original) (Footnote omitted). Id., 485 Pa. at 513, 403 A.2d at 84. This Court stated:

"The third paragraph of the quoted portion of the court's charge borders on meeting the requirement, but the 'right' to return with such a verdict is qualified by the cumulative requirements of 'if you so find and if you so desire.' The former in context relates to a finding of evidence to support the verdict and hence qualifies the 'right' by requiring evidence. The fifth paragraph advised the jury the verdict was permissible no matter what the court said about the evidence, but did not advise the verdict was permissible no matter what facts the jury might find."

Id., 485 Pa. at 513 n.5, 403 A.2d at 84 n.5.

Here, the trial court charged in relevant part:

"Voluntary Manslaughter also exists where at the time of the killing the defendant believed the circumstances to be such that, if they existed, would have justified the

killing, but his belief was unreasonable. I don't believe that this factor is involved in the present case.

.    .    .    .    .

Now I don't want to go into what is 'sufficient provocation' and what is not 'sufficient provocation' because, while I am submitting this count of the indictment to you for your consideration, it is the conclusion of this Court that Voluntary Manslaughter is really not present here, because there was no provocation offered insofar as this victim was concerned. However, it's only my opinion and, of course, basically it's your responsibility to make that determination. Therefore, I have covered with you the essential elements of Voluntary Manslaughter. You have a right, if you find, notwithstanding what I may have said about this case, if you find that there was provocation that made this an intentional killing on the part of this accused, then you may find him guilty of Voluntary Manslaughter. But keep in mind that it must be such provocation as would induce a reasonable man to lose control of his reasoning faculties and to enter into an uncontrollable frenzy which leads him to the use of deadly force."

Clearly the charge did not advise the jury of its right to return a verdict of voluntary manslaughter no matter what facts the jury might find. Rather, the jury charge specifically stated that to return a verdict of voluntary manslaughter the jury must find either (1) an unreasonable belief in the justification of the killing, or (2) passion and "sufficient provocation." Further, the court effectively removed consideration of these factors from the jury by commenting that it did not believe them to be present in the case, and by not clearly stating that the jury is the sole finder of fact.

Although *Commonwealth v. Scaramuzzino*, supra, and *Commonwealth v. Bennett*, supra, had not been decided at the time of appellant's trial, existing law clearly required that, upon request, a defendant charged with murder had the right to a proper charge of voluntary manslaughter. *Commonwealth v. Jones*, 457 Pa. 563, 319 A.2d 142, cert.

denied, 419 U.S. 1000, 95 S.Ct. 316, 42 L.Ed.2d 274 (1974). Obviously, counsel may not defend a claim of ineffectiveness simply on the basis that a case presenting similar facts has not yet been decided. To permit such a defense would be to ignore counsel's role as an advocate in the judicial process. If a legal principle has been enunciated whose application has a reasonable possibility of advancing the client's interest, it is counsel's duty to raise a claim based upon that principle, unless there is reason to do otherwise. Manifestly, appellant's trial counsel is charged with knowledge of *Commonwealth v. Jones*, supra, which was decided fourteen months before the start of appellant's trial. Indeed, counsel's objection at trial to the jury charge indicates his recognition that there was merit in the challenge. Having raised a meritorious objection at trial, counsel clearly did not have any reasonable basis for abandoning the claim by failing to raise it in a post–trial motion and thereby preserve the issue for appeal.

Judgment of sentence should be reversed and a new trial granted.

O'BRIEN, C. J., joins this dissenting opinion.