**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AARON S. PENNINGTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LISA M. PENNINGTON | : | |
| | : | |
| Appellant | : | No. 356 WDA 2023 |

Appeal from the Decree Entered March 21, 2023
In the Court of Common Pleas of Butler County Civil Division at No(s):
FC No. 2016-90206-D

| | | |
|---|---|---|
| AARON S. PENNINGTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LISA M. PENNINGTON | : | No. 406 WDA 2023 |

Appeal from the Decree Entered March 21, 2023
In the Court of Common Pleas of Butler County Civil Division at No(s):
FC No. 2016-90206-D

BEFORE:   BOWES, J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY KUNSELMAN, J.:              **FILED: February 23, 2024**

Lisa M. Pennington (Wife) and Aaron S. Pennington (Husband) filed cross appeals challenging various aspects of the equitable distribution order entered by the Butler County Court of Common Pleas.  After review, we affirm

_____

* Retired Senior Judge assigned to the Superior Court.

in part, but remand for the trial court to rule on Wife's claims for alimony and counsel fees.

The relevant factual and procedural history is as follows. Husband and Wife married in June 2008. Two weeks before the marriage, Husband's parents granted him two parcels of land. One parcel contains the house which became the marital residence. The second parcel was an undeveloped five-acre lot, where Husband owns the subsurface oil and gas rights. During the marriage, Husband entered into a lease agreement with an energy company for the undeveloped lot. This agreement had resulted in various payments to Husband for royalties, rent, other entitlements, and damages to the land.

Although the parties wed in 2008, Wife claimed they had entered into a domestic partnership agreement in 2001. Wife subsequently abandoned this position. They have four children together – two of whom were still minors at the time of these proceedings (ages 14 to 19). Husband is employed full time, as an ironworker. He earns an annual salary approximating $47,600, excluding the income from the gas lease.[1] Wife was a homemaker for most of the marriage and had served in the Army Reserves prior to that. More recently, Wife began working fulltime, making approximately $17 per hour.

Husband filed for divorce on March 31, 2016. Both parties remained in the marital residence. Husband maintained that the date of separation was

---

[1] Wife alleged Husband could earn twice that amount, but that his earning capacity was impacted by his DUI conviction, which limited his ability to drive to certain jobs.

the date of service on the divorce complaint, April 25, 2016. Wife believed that the date of separation was much later, perhaps as late as 2021, as evidenced by the fact that the couple remained together and pursued marriage counseling in 2019.

The trial court held an equitable distribution hearing on March 22, 2022. Thereafter, the court elicited proposed findings of fact and conclusions of law. The court entered an equitable distribution order on June 29, 2022, as well as an accompanying memorandum opinion to explain its findings.

The trial court determined the date of separation was April 25, 2016. It awarded Husband the marital home, certain vehicles, the bank accounts in his name, and certain investment accounts. **See** Order of Court, 6/29/22 at ¶4. Wife received all the accounts in her name, other investment accounts, certain retirement accounts, and other vehicles. Wife also received 50% of the marital portion of the Ironworker's Pension Plan and Profit-Sharing Plan, respectively. **See generally id.** at ¶ 5. The court divided the Ironworker's Credit Union Account, the Farmer's National Bank Account, and the increase of the marital residence on a 60/40 basis, in favor of Wife. **Id.** The trial court awarded Husband all the past and future gas royalties, but only 40% of the income from gas lease payments made throughout the marriage (minus household expenses), with Wife receiving the other 60%. **Id.** at ¶4b **cf.** ¶4j. To effectuate the distribution, the trial court directed Husband to pay Wife $126,483.01. Half of this sum was to be paid within 45 days of the order, and

the balance was to be paid at the time Wife vacated the marital residence. ***Id.*** at ¶6.

Following the entry of the divorce decree, Wife timely filed this appeal. Husband subsequently filed a cross-appeal. We address these appeals in turn.

## I.     Wife's Appeal, 356 WDA 2023

Wife raises the following 12 issues for our review:

1. The trial court erred and abused its discretion when it erred as a matter of law by failing to account for, and award, $226,688.50 (lumped together and referred to as "damages to the land" by Husband) available for equitable distribution.

2. The trial court erred and abused its discretion when it erred as a matter of law in failing to account for, and effectively awarding to Husband over $294,524.11 ($226,688.50 in "damages to the land" and $67,855.61 in oil, gas, and mineral royalties) in funds not included in the trial court's determination of payment due to Wife from Husband, despite the court's finding that marital property is deemed to be the assets owned by the parties between the date of marriage and separation and any increase in value of those assets between those two dates.

3. The trial court erred and abused its discretion in failing to recognize and evaluate and/or properly account and calculate the property, to include funds obtained during the marriage such as royalties, surface use, access, right of way, gas, water, and/or pipeline installation, construction, and/or any damages to land, and any and all monies earned and/or received during the marriage to the date of distribution, along with all existing accounts, as property available for equitable distribution.

4. The trial court erred and abused its discretion in failing to consider Husband's conduct and fraudulent misrepresentations regarding his marital status

- 4 -

during the marriage to keep property and assets from Wife.

5. The trial court erred and abused its discretion when it awarded Husband the entire pre-marital value of the marital residence.

6. The trial court erred and abused its discretion in failing to properly identify and analyze the value of the property set apart to each party to effectuate economic justice between the parties.

7. The trial court erred and abused its discretion in concluding that the sources of income for each party is relatively equal and failed to effectuate economic justice.

8. The trial court erred and abused its discretion in failing to analyze the economic circumstances of each party to effectuate economic justice between the parties.

9. The trial court erred and abused its discretion in applying the equitable distribution factors at 23 Pa.C.S.A. § 3502 as to the amount of funds due to Wife and distribution of assets set forth in its order of court fails to achieve economic justice between the parties.

10. The trial court erred and abused its discretion as to the date of separation.

11. The trial court erred and abused its discretion in failing to analyze Wife's claim for alimony pursuant to 23 Pa.C.S.A. § 3701.

12. The trial court erred and abused its discretion in failing to award counsel fees to Wife despite the totality of the circumstances that warrant the same, to include Husband's counsel's failure to disclose relationship with Master previously appointed and conduct associated with the same.

Wife's Brief at 13-14.

**A. Waiver**

Before we reach the merits of these claims, we must address Wife's noncompliance with the briefing requirements contained in our Rules of Appellate Procedure. First, we note that Wife raises a dozen issues in her concise statement of matters complained of on appeal, per Pa.R.A.P. 1925(b). While the Rules do not limit the number of issues an appellant may raise, we have cautioned that a concise statement which is too vague or voluminous could lead to waiver. ***See, e.g., Commonwealth v. Vurimindi***, 200 A.3d 1031 (Pa. Super. 2018). When an appellant raises a multitude of issues, such that she could not possibly argue them all, given the briefing limitations, then we may infer that the appellant has "deliberately circumvented the meaning and purpose of Pa.R.A.P. 1925(b) and has thereby effectively precluded appellate review[.]" ***Jones v. Jones***, 878 A.2d 86, 90 (Pa. Super. 2005) (citing ***Kanter v. Epstein***, 866 A.2d 394 (Pa. Super. 2004)). In such cases, it would be fair to view the appellant's actions as intentional misconduct, designed to overwhelm the trial court. ***Id.; see also Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa. Super. 2002) ("Even if the trial court correctly guesses the issues [an] appellant raises on appeal and writes an opinion pursuant to that supposition the issues [may] be waived."). In this case, we observe Wife does not fully develop each issue (discussed ***infra***), and we observe that the trial court did not attempt to separately address each of Wife's numerous claims in a Rule 1925(a) opinion. Instead, the court

referred to its memorandum opinion accompanying the equitable distribution order.

Next, we note that Wife does not divide her argument into twelve corresponding subparts, each with distinctive headers, to correspond with the dozen questions involved. This too circumvents our Rules. *See* Pa.R.A.P. 2119(a). To be sure, sometimes an appellant will consolidate a couple of issues into a single argument for clarity's sake. In such cases, our review will not be impeded; indeed, the consolidation might be prudent. Here, however, Wife twice collapses several issues (issues one through four, and issues six through nine) into single arguments. *See* Wife's Brief at 27-32; 36-51. As a result, it is not always clear what Wife intends to argue. We have cautioned that this Court "cannot conduct a meaningful review if it has to guess what issues an appellant is appealing." *C.H.L. v. W.D.L.*, 214 A.3d 1272, 1278 (Pa. Super. 2019); *see also Jones*, 878 A.2d at 89.

Finally, and most troubling, we observe that Wife has failed to cite and discuss relevant legal authorities, which is mandated by Rule 2119. *See* Pa.R.A.P. 2119(a), (b). Rule 2119 contains mandatory provisions regarding the contents of briefs, and we have held consistently that arguments that are not appropriately developed are waived. *Korn v. Epstein*, 727 A.2d 1130, 1135 (Pa. Super. 1999) (citing *Bunt v. Pension Mortgage Associates*, 666 A.2d 1091, 1095 (Pa. Super. 1995)) (cleaned up) (further citations omitted). "It is the appellant who has the burden of establishing [the] entitlement to relief by showing that the ruling of the trial court is erroneous under the

evidence or the law." **Korn**, 727 A.2d at 1135 (citing **Commonwealth ex rel. Robinson v. Robinson**, 478 A.2d 800 (Pa. 1984)); **see also, e.g., C.H.L.**, 214 A.3d at 1276 ("It is well settled that a failure to develop an argument with citation to, and analysis of, pertinent authority results in waiver of that issue on appeal."); **Hercules v. Jones**, 609 A.2d 837 (Pa. Super 1992) (where appellant presented a position without elaboration or citation to case law, we declined to address a phantom argument)). "It is not the duty of this Court to act as appellant's counsel, and we decline to do so. **C.H.L.**, 214 A.2d at 1277-78 (citing **Hayward v. Hayward**, 868 A.2d 554, 558 (Pa. Super. 2005)). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the issue waived." **Commonwealth v. Cannavo**, 199 A.3d 1282, 1289 (Pa. Super. 2018) (citation omitted).

Of the dozen appellate issues Wife presents in this appeal, Wife only abides by Rule 2119 on one issue – specifically issue ten, which involves the date of separation. Only there, does Wife cite and discuss relevant authorities to support her argument that the trial court committed an error by misapplying the law. This issue is preserved, and we address the merits **infra.**

However, we also conclude that Wife has preserved the questions of alimony and counsel fees (issues eleven and twelve). Although Wife does not cite or discuss authorities regarding these questions, her noncompliance with Rule 2119 is excusable. The trial court's equitable distribution order is entirely silent as to Wife's claims for alimony and counsel fees. We are uncertain

whether the trial court denied Wife's claims (and if so, under what basis), whether the trial court neglected to formally rule on them, or whether the trial court even considered them. These claims are independent from the equitable distribution claim; although the court could have disposed of them in the equitable distribution order, they required separate rulings and analysis. We cannot expect Wife to develop an argument contesting a trial court ruling when it is unclear whether the trial court actually ruled on the claims. Thus, we conclude that issues eleven and twelve are not subject to waiver, and we address them *infra* as well.

As for the other appellate issues, Wife does not attempt to demonstrate how the trial court's ruling was erroneous under the law or an abuse of discretion. It is not our duty to develop Wife's arguments for her; rather, she has the burden to explain to us where and how the trial court erred. Therefore, we will only address issues ten though twelve; we conclude Wife's other nine issues are waived.[2]

---

[2] We recognize that Wife cites the underlying statute in some of her arguments regarding equitable distribution. **See** Wife's Brief at 36 (citing 23 Pa.C.S.A. § 3502). Notwithstanding these *pro forma* citations, we conclude that Wife still fails to comply with Rule 2119. Even if we found that the statutory citation suffices, and we addressed the equitable distribution claim, we would still conclude Wife's arguments lack merit.

Regarding the parties' marital estate, Wife claims that the **full** value of the marital residence and the oil and gas assets were marital property. Wife maintains that Husband's comingling of funds transformed the assets from non-marital to marital. The trial court deemed these assets non-marital, as they were acquired by Husband prior to the marriage. On appeal, Wife cites
*(Footnote Continued Next Page)*

**B. Date of Separation**

In her tenth issue, Wife challenges the trial court's use of the statutory presumption to determine the date of separation. We are guided by the following standard of review:

> Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence. Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence.

*Yuhas v. Yuhas*, 79 A.3d 700, 704 (Pa. Super. 2013) (*en banc*) (citations omitted).

The trial court established that the parties' date of separation was April 25, 2016, *i.e.*, the date which Wife received notice of Husband's divorce complaint. Generally, the Divorce Code defines marital property as that which is acquired by either party from the date of the marriage until the date of

---

to no authority to support her claim, and we are not persuaded that these assets are part of the marital estate.

Regarding the distribution of marital assets, Wife essentially asks this Court to re-weigh the factors. That is not our function. Instead, it is the role of the trial court, which sits as fact-finder, to assess credibility firsthand, and to assign the weight it felt appropriate to the evidence. *See Yuhas*, *infra.* The trial court accounted for the marital portion of these non-marital assets (*i.e.*, the increase in value). The court divided the marital portion 60/40 in Wife's favor. Wife challenges this distribution, alleging that her share is inequitable. Here, too, Wife fails to cite any authority to support her argument that the division was an abuse of discretion. We discern none.

- 10 -

separation. **See** 23 Pa.C.S.A. § 3501(a). The Divorce Code defines "separate and apart" as:

> Cessation of **cohabitation**, whether living in the same residence or not. In the event a complaint in divorce is filed and served, it **shall be presumed** that the parties commenced to live separate and apart not later than the date that the complaint was served.

**Id.** § 3203 (Definitions) (emphasis added).

This Court has held that "cohabitation" means "the mutual assumption of those rights and duties attendant to the relationship of husband and wife;" and the phrase "separate and apparent" means the "existence of separate lives not separate roofs." **Frey v. Frey**, 821 A.2d 623, 627-28 (Pa. Super. 2003) (citations omitted). We added that the "ties that bind two individuals in a marital relationship involve more than sexual intercourse." **Id.** at 628 (citation omitted).

Moreover, we have explained that a "presumption" is a "procedural device which not only permits an inference of the 'presumed' fact, but also shifts to the opposing party the burden of producing evidence to disprove the presumed fact." **McCoy v. McCoy**, 888 A.2d 906, 912 (Pa. Super. 2005) (citing **Commonwealth v. Slaybaugh**, 364 A.2d 687, 689 (Pa. 1976)). "In short, the party attempting to rebut the presumption has the burden of proof." **Id.** (internal quotations and citation omitted).

When parties contest the date of separation, it is usually because one party alleges the separation occurred well before the filing of the divorce

complaint. In **McCoy**, for instance, the appellant alleged that he and his spouse separated six years prior to the filing of the complaint. To support his claim, the appellant needed to provide that either he or his spouse had the "independent intent…to dissolve the marital union" and that the intent was "clearly manifested and communicated to the other spouse." **McCoy**, 888 A.2d at 912.

Instantly, Wife's claim goes the other direction in time; she claims that the separation occurred **after** the presumed date. Wife maintains that there was no difference in the way in which the parties lived, either before or after the filing of the divorce complaint. **See** Wife's Brief at 53-54. She argues that she continued to do the laundry, the shopping, and the cooking for Husband. She further notes that Husband requested a "hold" on the litigation – specifically, a proceeding before the special master – while the parties attended marriage counseling in 2019. According to Wife, Husband never took an affirmative step to move forward with the divorce until July 2021 (five years after the presumed date of separation), when, following a lull in the litigation, Husband filed a motion to re-appoint the master. **Id.** at 54.

After review, we are not persuaded by Wife's arguments that she rebutted the presumed separation date. Notably, Wife does not set forth an exact alternative date of separation, or otherwise pinpoint a moment where either spouse demonstrated "independent intent to dissolve the marital union." **See McCoy**, **supra**. She only references that Husband filed for the master's re-appointment, in July 2021, as a potential date of separation. Wife

- 12 -

argues that the parties reconciled, and that somewhere between the filing of the divorce complaint and the filing for the hearing officer's reappointment, the parties had decided not to proceed with the divorce. And if they reconciled, then it would follow that Husband's motion for reappointment constituted a new "independent intent to dissolve the marital union."

We have held, however, that even when the parties attended marriage counseling, such efforts do not necessarily mean the parties reconciled. *See Frey*, 821 A.2d at 628 (observing that that "isolated attempts at reconciliation do not begin running anew the marital relationship"); *see also Thomas v. Thomas*, 483 A.2d 945 (Pa. Super. 1984) ("Estranged spouses would be reluctant to attempt a reconciliation if we were to hold that a failed attempt to re-establish the marital relationship causes the three-year separation period to begin running anew…"). Moreover, while litigation slowed dramatically between 2019 and 2021, nothing in the record suggests that the parties had reconciled. Indeed, the continuance orders often reference the parties' efforts toward reaching a settlement through mediation, not their reconciliation or even their attempts at reconciliation. For these reasons, we conclude that the trial court did not err when it determined that Wife did not rebut the presumed date of separation. Wife's claim is without merit.

**C. Alimony and Counsel Fees claims**

Following Husband's complaint in divorce, Wife raised several economic claims, including alimony and counsel fees. Following the equitable distribution trial, Wife alerted the trial court that she was still making those

claims. *See* Wife's Proposed Findings of Fact and Conclusions of Law. Specifically, she proposed an alimony award of $750 per month for 10 years until she reaches 65 years old; Wife further proposed that she receive the entirety of an investment account (valued at $40,000) for counsel fees. The resulting equitable distribution order is wholly silent as to these claims.[3]

We might infer that the trial court denied Wife relief, based on the language of the opinion that the court issued contemporaneously with its equitable distribution order. *See* Memorandum Opinion, 6/29/22, at 5-6 (opining that each party has similar sources of income and is capable of earning similar salaries); *cf.* 23 Pa.C.S.A. § 3701(b)(1) ("The relative earnings and earning capacities of the parties."). But the trial court never indicated that the claims were denied. We will not foreclose the possibility that the trial court neglected to consider them. For these reasons, a remand is appropriate, and we relinquish jurisdiction. On remand, the trial court shall definitively rule on Wife's claims for alimony and counsel fees. *See* 23 Pa.C.S.A. § 3701 (Alimony); *see also* § 3702 (Alimony pendente lite, counsel fees and expenses); *and see* 42 Pa.C.S.A. § 2503 (Right of participants to receive

_____

[3] We observe that Wife proposed she receive the entirety of a Thornburg account as compensation for counsel fees. To be sure, the trial court awarded Wife 100% of *a* Thornburg account, but there were two such accounts, and Husband received the other. Thus, it is not clear whether the court granted or denied Wife's proposed counsel fee award, but we assume the court did not. Husband asserts in his Brief that the trial court denied Wife's counsel fee claim. *See generally* Husband's Brief at 47-52. Notwithstanding Husband's characterization, the equitable distribution order is silent to the issue of counsel fees.

counsel fees); ***Cook v. Cook***, 186 A.3d 1015 (Pa. Super. 2018). It does not appear that further proceedings are necessary to resolve these claims, but we leave that decision to the trial court. Following the trial court's ruling on Wife's claims for alimony and counsel fees, either party may appeal in accordance with our Rules of Appellate Procedure. If either party appeals, the trial court shall issue an opinion in accordance with Rule 1925(a).

## II.    Husband's Appeal, 406 WDA 2023

Having disposed of Wife's appeal, we turn now to Husband's cross-appeal. He presents only one additional issue for our review:

> Whether the trial court erred in failing to establish a date certain by which Wife must vacate the marital residence and in failing to award rent to Husband from Wife from June 29, 2022 until Wife vacates the marital residence.

Husband's Brief at 6.

Evidently, Wife did not vacate the marital residence following the entry of the equitable distribution order. Husband wants her to leave, and he wishes to be compensated for the trouble. Although we understand his request, we are unclear what Husband expects of this Court, in our capacity as an error correcting court.

The equitable distribution order is silent as to both the date by which Wife must vacate, and the remedies available to Husband if Wife refuses to leave. The order merely provides:

> In order to effectuate the distribution, Husband shall pay Wife $126,483.01, with 50% to be paid within forty-five

- 15 -

days of this Order, and the balance to be paid at the time that Wife vacates the marital home.

Equitable Distribution Order at ¶6.

From what we can tell, Husband has not gone back to the trial court, following its June 2022 decision, to petition for relief. Instead, Husband complains of all the wrongs Wife committed **after** the trial court issued the equitable distribution award. **See** Husband's Reply Brief at 3-5. It is axiomatic that a party may not raise an issue for the first time on appeal, and that doing so results in waiver. **See** Pa.R.A.P. 302(a). This Court has no authority to order Wife's eviction or order her to pay rent. We suspect Husband understands this, given that he asks us to remand so that the trial court could enter his requested relief. Accordingly, Husband's issue is dismissed as waived, without prejudice to seek relief before the trial court.

### III. Conclusion

In sum, we conclude that Wife waived the majority of her claims of appeal by circumventing Pa.R.A.P. 2119(a), which has impeded our review. Wife preserved the question of whether the trial court erred when it used the statutory presumption to establish the parties' date of separation. After review, we discern no error or abuse of discretion. Additionally, we remand for the trial court to rule on Wife's claims for alimony and counsel fees. Husband, too, waived his claim on appeal by circumventing Pa.R.A.P. 302(a). He seeks relief from this Court as a matter of first instance, without first seeking relief from the trial court.

Order affirmed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 02/23/2024